**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| DEWBERRY ENGINEERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:20-cv-610 |
| DEWBERRY GROUP, INC. F/K/A | ) | |
| DEWBERRY CAPITAL CORPORATION. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

---

### DEWBERRY GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Dewberry Group, Inc., f/k/a Dewberry Capital Corporation ("Dewberry Group") files its Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff's Complaint, respectfully stating to the Court as follows:

### GENERAL DENIAL

Dewberry Group denies each and every factual allegation contained in Plaintiff's Complaint that is not expressly admitted in the following paragraphs of this Answer. Further, Dewberry Group reserves the right to dispute any and all conclusions of law and legal opinions set forth by Plaintiff in its Complaint. Dewberry Group does not concede that any such conclusions of law and legal opinions are correct.

### ANSWER TO SPECIFIC ALLEGATIONS

Dewberry Group responds to the specific allegations set forth in Plaintiff's Complaint as follows.

1.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and therefore denies them on that basis.

2.     Dewberry Group admits that Plaintiff owns two registrations with the United States Patent & Trademark Office ("USPTO") for Plaintiff's DEWBERRY Word Mark and Plaintiff's DEWBERRY and Berry Design Mark (the "DEWBERRY Marks"). Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint and therefore denies them on that basis.

3.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint and therefore denies them on that basis.

4.     Dewberry Group denies the allegations in paragraph 4 of the Complaint.

5.     Dewberry Group denies the allegations in paragraph 5 of the Complaint.

6.     Dewberry Group admits that the parties entered into a Confidential Settlement Agreement (the "Settlement Agreement") in 2007. Dewberry Group denies the remaining allegations in paragraph 6 of the Complaint.

7.     Dewberry Group denies the allegations in paragraph 7 of the Complaint.

8.     Dewberry Group denies the allegations in paragraph 8 of the Complaint.

9.     Dewberry Group denies the allegations in paragraph 9 of the Complaint.

**AS TO THE PARTIES**

10.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and therefore denies them on that basis.

11.     Dewberry Group admits the allegations in paragraph 11 of the Complaint.

**AS TO JURISDICTION AND VENUE**

12.     Dewberry Group admits the allegations in paragraph 12 of the Complaint.

13.     Dewberry Group admits the allegations in paragraph 13 of the Complaint.

**AS TO FACTS COMMON TO ALL COUNTS**

14.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint and therefore denies them on that basis.

15.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies them on that basis.

16.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies them on that basis.

17.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies them on that basis.

18.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore denies them on that basis.

19.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint and therefore denies them on that basis.

20.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies them on that basis.

21.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies them on that basis.

22.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies them on that basis.

23.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and therefore denies them on that basis.

24.     Dewberry Group admits that Plaintiff owns a federal registration for the DEWBERRY Word Mark in International Classes 35, 37, 40, 42, and 45.  Dewberry Group admits that a copy of the USPTO's online record for the DEWBERRY Word Mark registration is attached as Exhibit A to the Complaint. Dewberry Group states that the registration speaks for itself. Dewberry Group denies the allegations in paragraph 24 to the extent they deviate from or mischaracterize the contents of the registration. Dewberry Group denies the remaining allegations in paragraph 24 of the Complaint.

25.     Dewberry Group admits that Plaintiff owns a federal registration for the DEWBERRY and Berry Design Mark in International Classes 35, 37, 40, 42, and 45. Dewberry Group admits that a copy of the USPTO's online record for the DEWBERRY and Berry Design Mark registration is attached as Exhibit B to the Complaint. Dewberry Group states that the

registration speaks for itself. Dewberry Group denies the allegations in paragraph 25 to the extent they deviate from or mischaracterize the contents of the registration. Dewberry Group denies the remaining allegations in paragraph 25 of the Complaint.

26.     Dewberry Group admits that Plaintiff owns a federal registration for the DEWBERRY Berry Mark alone in International Class 42. Dewberry Group admits that a copy of the USPTO's online record for the DEWBERRY and Berry Design Mark registration is attached as Exhibit C to the Complaint. Dewberry Group states that the registration speaks for itself. Dewberry Group denies the allegations in paragraph 26 to the extent they deviate from or mischaracterize the contents of the registration. Dewberry Group denies the remaining allegations in paragraph 26 of the Complaint.

27.     Dewberry Group admits that Plaintiff refers to the DEWBERRY Word Mark, the DEWBERRY and Berry Design Mark collectively as the "DEWBERRY Marks." Dewberry Group denies the remaining allegations in paragraph 27 of the Complaint.

28.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and therefore denies them on that basis.

**AS TO DEWBERRY'S PROMOTION OF ITS DEWBERRY BRAND IN COMMERCE**

29.     Dewberry Group denies the allegations in paragraph 29 of the Complaint.

30.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and therefore denies them on that basis.

31.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies them on that basis.

32.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and therefore denies them on that basis.

33.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies them on that basis.

## AS TO THE ALLEGED SUCCESS OF PLAINTIFF AND ITS DEWBERRY BRAND IN COMMERCE

34.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and therefore denies them on that basis.

35.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies them on that basis.

36.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies them on that basis.

37.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies them on that basis.

38.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies them on that basis.

39.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and therefore denies them on that basis.

40.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint and therefore denies them on that basis.

41.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint and therefore denies them on that basis.

## AS TO DEWBERRY GROUP'S ALLEGED PRIOR INFRINGEMENT AND RESULTING LITIGATION

42.     Dewberry Group admits that Plaintiff filed a complaint against Dewberry Group's predecessor entity alleging, among other things, trademark infringement (the "Prior Litigation"). Dewberry Group denies that Plaintiff's claims in the Prior Litigation had any merit. Dewberry Group denies the remaining allegations in paragraph 42 of the Complaint.

43.     Dewberry Group admits that its predecessor entity filed two applications (Serial Nos. 78/819,593 and 78/819,609) to register DEWBERRY CAPITAL on February 21, 2006. Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43 of the Complaint and therefore denies them on that basis.

44.     Dewberry Group admits that its predecessor entity sent a demand letter to Plaintiff on March 8, 2006. Dewberry Group further states that its predecessor entity's March 8, 2006 demand letter speakers for itself. Dewberry Group denies the allegations in paragraph 44 to the extent they deviate from or mischaracterize the contents of the March 8, 2006 letter. Dewberry Group denies the remaining allegations in paragraph 44 of the Complaint.

45.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint and therefore denies them on that basis.

46.     Dewberry Group admits the allegations in paragraph 46 of the Complaint.

## AS TO THE CONFIDENTIAL SETTLEMENT AGREEMENT

47.     Dewberry Group admits that the parties entered into a Confidential Settlement Agreement on February 26, 2007 and that a true and correct copy of the Settlement Agreement is attached as Exhibit D to the Complaint. Dewberry Group further states that the Settlement Agreement speaks for itself. Dewberry Group denies the allegations in paragraph 47 to the extent they deviate from or mischaracterize the contents of the Settlement Agreement. Dewberry Group denies the remaining allegations in paragraph 47 of the Complaint.

48.     Dewberry Group denies the allegations in paragraph 48 of the Complaint.

49.     Dewberry Group denies the allegations in paragraph 49 of the Complaint.

## AS TO DEWBERRY GROUP'S ALLEGED CURRENT INFRINGEMENT

50.     Dewberry Group admits that a printout of a newspaper article with a depiction of an artist's rendering submitted to the Charlottesville Board of Architectural Review in 2018 is attached as Exhibit E to the complaint. Dewberry Group denies the remaining allegations in paragraph 50 of the Complaint.

51.     Dewberry Group admits that between August 2018 and January 2019 it created a new website (www.dewberrygroup.com) which contains the Group Mark, the Office Mark, the Living Mark, the Studio Mark, and their word mark counterparts. Dewberry Group denies the remaining allegations in paragraph 51 of the Complaint.

52.     Dewberry Group admits that its website ([www.dewberrygroup.com](www.dewberrygroup.com)) contains a link to "OUR PORTFOLIO" which includes "Dewberry Hospitality," "Dewberry Office," and "Dewberry Living." Dewberry Group admits that "Dewberry Hospitality" lists one property in South Carolina. Dewberry Group admits that "Dewberry Office" lists two properties in Georgia. Dewberry Group admits that "Dewberry Living" lists three properties, one of which is located in Virginia. Dewberry Group denies the remaining allegations in paragraph 52 of the Complaint.

53.     Dewberry Group admits that a copy of the referenced webpage from its website is attached as Exhibit F to the Complaint. Dewberry Group further states that the webpage speaks for itself. Dewberry Group denies the allegations in paragraph 53 to the extent they deviate from or mischaracterize the contents of the webpage. Dewberry Group denies the remaining allegations in paragraph 53 of the Complaint.

54.     Dewberry Group admits that it describes "Our Team" regarding Studio Dewberry on its website. Dewberry Group further states that this webpage speaks for itself. Dewberry Group denies the allegations in paragraph 54 to the extent they deviate from or mischaracterize the contents of the webpage. Dewberry Group denies the remaining allegations in paragraph 54 of the Complaint.

### AS TO DEWBERRY GROUP'S ALLEGED INFRINGING TRADEMARK APPLICATION

55.     Dewberry Group admits that it caused U.S. Application Serial No. 87/601,685 for the word mark "DEWBERRY GROUP" to be filed prior to December 27, 2017 with the USPTO based on an intent-to-use in connection with "[c]ommercial real estate development services; commercial real estate services including property management services, leasing services, and brokerage services; and equity capital management services." Dewberry Group denies the remaining allegations in paragraph 55 of the Complaint.

9

56.     Dewberry Group admits that on December 27, 2017 Plaintiff sent Dewberry Group a letter, a true and correct copy of which is attached as Exhibit G to the Complaint. Dewberry Group states that the December 27, 2017 letter speaks for itself. Dewberry Group denies the allegations in paragraph 56 to the extent they deviate from or mischaracterize the contents of the letter. Dewberry Group denies the remaining allegations in paragraph 56 of the Complaint.

57.     Dewberry Group admits that a copy of Mr. David B. Groce's January 11, 2018 letter is attached as Exhibit H to the Complaint. Dewberry Group states that the January 11, 2018 letter speaks for itself. Dewberry Group denies the allegations in paragraph 56 to the extent they deviate from or mischaracterize the contents of the letter. Dewberry Group denies the remaining allegations in paragraph 57 of the Complaint.

58.     Dewberry Group admits that on April 3, 2018 it caused applications to register the Group Mark (Serial No. 87/860,522), the Office Mark (Serial No. 87/860,526), the Living Mark (Serial No. 87,860,533), and the Studio Mark (Serial No. 87/860,530) to be filed with the USPTO. Dewberry Group admits that all four applications recite real estate-related services. Dewberry Group admits that the online records for these four applications are attached as Exhibits I, J, K, and L of the Complaint. Dewberry Group denies the remaining allegations in paragraph 58 of the Complaint.

59.     Dewberry Group admits the allegations in paragraph 59 of the Complaint.

60.     Dewberry Group admits the allegations in paragraph 60 of the Complaint.

61.     Dewberry Group admits that Plaintiff sent Dewberry Group a letter on June 1, 2018, a true and correct copy of which is attached as Exhibit M to the Complaint. Dewberry Group states that the June 1, 2018 letter speaks for itself. Dewberry Group denies the allegations in paragraph

61 to the extent they deviate from or mischaracterize the contents of the letter. Dewberry Group denies the remaining allegations in paragraph 61 of the Complaint.

62.     Dewberry Group admits that on June 14, 2018 Dewberry Group responded via Stephen Dorvee of Arnall Golden Gregory LLP and that a true and correct copy of this letter is attached as Exhibit N to the Complaint. Dewberry Group states that the June 14, 2018 letter speaks for itself. Dewberry Group denies the allegations in paragraph 62 to the extent they deviate from or mischaracterize the contents of the letter. Dewberry Group denies the remaining allegations in paragraph 62 of the Complaint.

63.     Dewberry Group admits that on July 13, 2018 Plaintiff responded to Dewberry Group's letter and that a true and correct copy of this letter is attached as Exhibit O to the Complaint. Dewberry Group states that the July 13, 2018 letter speaks for itself. Dewberry Group denies the allegations in paragraph 63 to the extent they deviate from or mischaracterize the contents of the letter. Dewberry Group denies the remaining allegations in paragraph 63 of the Complaint.

64.     Dewberry Group denies the allegations in paragraph 64 of the Complaint.

65.     Dewberry Group denies the allegations in paragraph 65 of the Complaint.

**AS TO THE PROCESSING OF THE ALLEGEDLY INFRINGING STUDIO MARK APPLICATION**

66.     Dewberry Group admits the allegations in paragraph 66 of the Complaint.

67.     Dewberry Group states that the USPTO's July 25, 2018 Office Action speaks for itself. Dewberry Group denies the allegations in paragraph 67 to the extent they deviate from or mischaracterize the same. Dewberry Group denies the remaining allegations in paragraph 67.

68.    Dewberry Group states that the USPTO's July 25, 2018 Office Action speaks for itself. Dewberry Group denies the allegations in paragraph 68 to the extent they deviate from or mischaracterize the same. Dewberry Group denies the remaining allegations in paragraph 68.

69.    Dewberry Group admits the allegations in paragraph 69 of the Complaint.

70.    Dewberry Group admits that the term "Studio Dewberry" appears on its website. Dewberry Group denies the remaining allegations in paragraph 70 of the Complaint.

## AS TO THE PROCESSING OF THE OTHER THREE ALLEGEDLY INFRINGING APPLICATIONS

71.    Dewberry Group admits that Plaintiff submitted letters of protest to the U.S. Deputy Commissioner for Trademark Examination Policy against Dewberry Group's applications for the Group Mark, the Office Mark, and the Living Mark. Dewberry Group admits that at least some of the evidence submitted by Plaintiff was forwarded to the examiners assigned to these applications for consideration. Dewberry Group denies the remaining allegations in paragraph 71 of the Complaint.

72.    Dewberry Group admits the allegations in paragraph 72 of the Complaint. By way of further response, Dewberry Group states that the trademark examiners initially found no likelihood of confusion and further stated that the three applications for the Group Mark, the Office Mark, and the Living Mark would be passed to publication. Only after receiving Engineers' letters of protest did the trademark examiners surprisingly, and unusually, reverse course and refuse the applications on the basis of a likelihood of confusion.

73.    Dewberry Group states that the final refusal to register the Group Mark speaks for itself and that a true and correct copy of the same is attached as Exhibit P to the Complaint. Dewberry Group denies the allegations in paragraph 73 to the extent they deviate from or

mischaracterize the contents of the final refusal. Dewberry Group denies the remaining allegations in paragraph 73.

74.     Dewberry Group states that the final refusals to register the Office Mark and the Living Mark speak for themselves. Dewberry Group denies the allegations in paragraph 74 to the extent they deviate from or mischaracterize the content of these final refusals. Dewberry Group denies the remaining allegations in paragraph 74.

75.     Dewberry Group admits the allegations in paragraph 75 of the Complaint.

## AS TO THE ALLEGED CONFUSING SIMILARITY OF THE DEWBERRY MARKS AND DEWBERRY GROUP'S MARKS

76.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint and therefore denies them on that basis.

77.     Dewberry Group denies the allegations in paragraph 77 of the Complaint.

78.     Dewberry Group denies the allegations in paragraph 78 of the Complaint.

79.     Dewberry Group admits that Plaintiff has not licensed its DEWBERRY Marks to Dewberry Group. Dewberry Group denies that it needs any authorization, express or implied, from Plaintiff. Dewberry Group denies the remaining allegations in paragraph 79 of the Complaint.

80.     Dewberry Group denies the allegations in paragraph 80 of the Complaint.

## AS TO THE ALLEGED ACTUAL CONFUSION BETWEEN THE PARTIES' NAMES AND MARKS

81.     Dewberry Group denies the allegations in paragraph 81 of the Complaint.

82.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint and therefore denies them on that basis. By way of further response, Dewberry Group denies that the facts as alleged in paragraph 82 constitute a relevant instance of actual confusion.

83.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint and therefore denies them on that basis. By way of further response, Dewberry Group denies that the facts as alleged in paragraph 83 constitute a relevant instance of actual confusion.

84.     Dewberry Group lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of the Complaint and therefore denies them on that basis. By way of further response, Dewberry Group denies that the facts as alleged in paragraph 84 constitute a relevant instance of actual confusion.

## AS TO THE ALLEGED CONSEQUENCES OF DEWBERRY GROUP'S ALLEGED CONDUCT

85.     Dewberry Group denies the allegations in paragraph 85 of the Complaint.

86.     Dewberry Group denies the allegations in paragraph 86 of the Complaint.

87.     Dewberry Group admits that Plaintiff requests in its complaint that the Court enjoin Dewberry Group from using or registering the allegedly infringing marks and to compensate Plaintiff for its damages, but Dewberry Group denies that Plaintiff's claims have merit or that Plaintiff is otherwise entitled to any such relief. Dewberry Group denies the remaining allegations in paragraph 87 of the Complaint.

## AS TO COUNT I (FEDERAL TRADEMARK INFRINGEMENT)

88.     Dewberry Group incorporates each and every response made in paragraphs 1 through 87 above as though fully set forth herein.

89.     Dewberry Group denies the allegations in paragraph 89 of the Complaint.

90.     Dewberry Group denies the allegations in paragraph 90 of the Complaint.

91.     Dewberry Group denies the allegations in paragraph 91 of the Complaint.

92.     Dewberry Group denies the allegations in paragraph 92 of the Complaint.

93.    Dewberry Group denies the allegations in paragraph 93 of the Complaint.

94.    Dewberry Group denies the allegations in paragraph 94 of the Complaint.

## AS TO COUNT II (FEDERAL UNFAIR COMPETITION)

95.    Dewberry Group incorporates each and every response made in paragraphs 1 through 94 above as though fully set forth herein.

96.    Dewberry Group denies the allegations in paragraph 96 of the Complaint.

97.    Dewberry Group denies the allegations in paragraph 97 of the Complaint.

98.    Dewberry Group denies the allegations in paragraph 98 of the Complaint.

99.    Dewberry Group denies the allegations in paragraph 99 of the Complaint.

100.    Dewberry Group denies the allegations in paragraph 100 of the Complaint.

101.    Dewberry Group denies the allegations in paragraph 101 of the Complaint.

## AS TO COUNT III (COMMON LAW TRADEMARK INFRINGEMENT)

102.    Dewberry Group incorporates each and every response made in paragraphs 1 through 101 above as though fully set forth herein.

103.    Dewberry Group denies the allegations in paragraph 103 of the Complaint.

104.    Dewberry Group denies the allegations in paragraph 104 of the Complaint.

105.    Dewberry Group denies the allegations in paragraph 105 of the Complaint.

106.    Dewberry Group denies the allegations in paragraph 106 of the Complaint.

107.    Dewberry Group denies the allegations in paragraph 107 of the Complaint.

## AS TO COUNT IV (COMMON LAW UNFAIR COMPETITION)

108.    Dewberry Group incorporates each and every response made in paragraphs 1 through 107 above as though fully set forth herein.

109.    Dewberry Group denies the allegations in paragraph 109 of the Complaint.

110.     Dewberry Group denies the allegations in paragraph 110 of the Complaint.

111.     Dewberry Group denies the allegations in paragraph 111 of the Complaint.

112.     Dewberry Group denies the allegations in paragraph 112 of the Complaint.

113.     Dewberry Group denies the allegations in paragraph 113 of the Complaint.

### AS TO COUNT V (BREACH OF CONTRACT)

114.     Dewberry Group incorporates each and every response made in paragraphs 1 through 113 above as though fully set forth herein.

115.     Dewberry Group admits the allegations in paragraph 115 of the Complaint.

116.     Dewberry Group states that the Settlement Agreement speaks for itself. Dewberry Group denies the allegations in paragraph 116 to the extent they deviate from or mischaracterize the contents of the Settlement Agreement. Dewberry Group denies the remaining allegations in paragraph 116 of the Complaint.

117.     Dewberry Group states that the Settlement Agreement speaks for itself. Dewberry Group denies the allegations in paragraph 117 to the extent they deviate from or mischaracterize the contents of the Settlement Agreement. Dewberry Group denies the remaining allegations in paragraph 117 of the Complaint.

118.     Dewberry Group states that the Settlement Agreement speaks for itself. Dewberry Group denies the allegations in paragraph 118 to the extent they deviate from or mischaracterize the contents of the Settlement Agreement. Dewberry Group denies the remaining allegations in paragraph 118 of the Complaint.

119.     Dewberry Group admits that it has used trademarks other than "DEWBERRY CAPITAL" when promoting, offering, and performing real estate development services as a real

estate developer. Dewberry Group denies the remaining allegations in paragraph 119 of the Complaint.

120.    Dewberry Group denies the allegations in paragraph 120 of the Complaint.

121.    Dewberry Group states that its January 11, 2018 and June 14, 2018 letters speak for themselves. Dewberry Group denies the allegations in paragraph 121 to the extent they deviate from or mischaracterize the contents of the same. Dewberry Group denies the remaining allegations in paragraph 121 of the Complaint.

122.    Dewberry Group denies the allegations in paragraph 122 of the Complaint.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

**WHEREFORE**, Dewberry Group respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in Dewberry Group's favor as to each of Plaintiff's claims, that Plaintiff recover nothing, that all costs be assessed against Plaintiff, that Plaintiff's claims be deemed exceptional and that Dewberry Group therefore be awarded its reasonable attorneys' fees and litigation expenses, and that the Court award Dewberry Group such other and further relief as it may deem appropriate.

## DEWBERRY GROUP'S DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and without assuming any burden of proof that otherwise rests with Plaintiff, Dewberry Group asserts the following defenses to the Complaint.

## FIRST DEFENSE

Plaintiff's claims against Dewberry Group are barred, in whole or in part, by the equitable doctrine of acquiescence.

## SECOND DEFENSE

Plaintiff's unreasonable delay in challenging the alleged infringement is prejudicial to Dewberry Group and, as a result, Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of estoppel and laches.

## THIRD DEFENSE

Plaintiff's claims are barred by the lack of any likelihood of confusion.

## FOURTH DEFENSE

Plaintiff cannot demonstrate that irreparable harm will result without the granting of injunctive relief and that any harm will not be compensable by money damages. Therefore, any claim for injunctive relief cannot stand.

## FIFTH DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate damages, if any.

## SIXTH DEFENSE

At all times material hereto, all of Dewberry Group's actions were taken in good faith, innocent, and non-willful.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claim fail, because Dewberry Group is the senior user of the term DEWBERRY in connection with real estate development services. Plaintiff does not engage in real estate development services, but rather renders services concerning land and/or site development.

**NINTH DEFENSE**

Given the weakness of its claims and the unreasonable manner in which they have been pursued, Plaintiff's claims are exceptional under the Lanham Act, and Dewberry Group should be awarded its attorney's fees and costs in defending against Plaintiff's claims.

**DEFENDANT DEWBERRY GROUP'S COUNTERCLAIMS**

Responding further to the Complaint and without waiving any defense raised above, Defendant Dewberry Group asserts the following Counterclaims against Plaintiff Dewberry Engineers, Inc. ("Engineers"), stating as follows:

**PARTIES**

1.

Dewberry Group is a Georgia corporation with its principal place of business in Atlanta, Georgia.

2.

Engineers is a New York corporation with its principal place of business in Fairfax, Virginia. Engineers may be served with Dewberry Group's Counterclaim through service upon Engineers' attorney of record.

**JURISDICTION AND VENUE**

3.

The Court has subject-matter jurisdiction over Dewberry Group's Counterclaim under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because the Counterclaim seek an order of cancellation of a federal trademark registration arising under 15 U.S.C. § 1119.

4.

By bringing this lawsuit, Engineers has submitted to personal jurisdiction and venue in this Court.

**FACTS COMMON TO ALL COUNTS**

5.

Engineers has brought a claim for trademark infringement against Dewberry Group based on Dewberry Group's use of its DEWBERRY Marks (including the Group Mark, the Living Mark, the Office Mark, the Studio Mark, and their word-mark counterparts), alleging that the DEWBERRY Marks are likely to be confused with Engineers' DEWBERRY Marks.

*Engineers' Representations to the USPTO*
*concerning the use of its DEWBERRY Marks in Class 37*

6.

On August 6, 2003, Engineers filed an application with the USPTO to register its DEWBERRY Word Mark in in connection with "Real estate development" services in Class 37. On August 6, 2003, Engineers also filed an application with the USPTO to register its DEWBERRY and Berry Design Mark in connection with "Real estate development" services in Class 37. The DEWBERRY Word Mark and the DEWBERRY and Berry Design Mark are hereafter referred to as the "DEWBERRY Marks" for purposes of this Counterclaim.

7.

In these applications, Engineers represented to the USPTO that its DEWBERRY Marks were in actual use in commerce in connection with "Real estate development" services in Class 37. In these applications, Engineers further represented that the date of its first use of the DEWBERRY Marks in connection with "Real estate development" services in Class 37 was February 5, 2003.

8.

Relying in part on Engineers' representations to the USPTO that its DEWBERRY Marks were in actual use in connection with "Real estate development" services in Class 37, the USPTO issued two Registrations to Engineers for its DEWBERRY Marks (Registration Nos. 2,991,043 and 2,991,044) on September 6, 2005 (hereafter the "DEWBERRY Registrations").

9.

On October 14, 2010, Engineers submitted to the USPTO a Combined Declaration of Use and Incontestability under Sections 8 and 15 in connection with each of its DEWBERRY Registrations in Class 37. In these filings to the USPTO, Mr. Ralph M. Tener, attorney of record for Engineers, declared as follows for each of the DEWBERRY Registrations:

> The mark is in use in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce.

A true and correct copy of these filings and the specimens submitted by Engineers to the USPTO allegedly showing use of the DEWBERRY Marks in Class 37 is attached hereto as **Exhibit A**.

10.

In response to Engineers' October 14, 2010 submissions, the USPTO on October 22, 2010 issued a Notice of Acceptance and Notice of Acknowledgement for each of the DEWBERRY Registrations. In these Notices, the USPTO accepted Engineers' Section 8 Affidavits and acknowledged Engineers' Section 15 Affidavits. In these Notices, the USPTO also declared that the Dewberry Registrations would remain in force in Class 37.

11.

On August 24 and 25, 2015, Engineers submitted to the USPTO a Combined Declaration of Use in Commerce and Application for Renewal of Registration of a Mark under Sections 8 and 9 for each of the DEWBERRY Registrations in Class 37. In these filings, Mr. Ralph M. Tener, attorney of record for Engineers, declared as follows for each of the DEWBERRY Registrations: "[T]he mark is in use in commerce on or in connection with the goods/services, or to indicate membership in the collective membership organization identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce." A true and correct copy of these filings and the specimens submitted by Engineers to the USPTO allegedly showing use of the DEWBERRY Marks in connection with "Real estate development" services in Class 37 is attached hereto as **Exhibit B**.

12.

In response to Engineers' August 24-25, 2015 submissions, the USPTO on September 23 and 24, 2015 issued a Notice of Acceptance and Notice of Renewal for each of the DEWBERRY Registrations. In these Notices, the USPTO accepted Engineers' Section 8 Affidavits and renewed the DEWBERRY Registrations in Class 37 for ten years.

*Engineers has Failed to Demonstrate Use of its DEWBERRY Marks in connection with "Real Estate Development" Services in Class 37*

13.

Engineers' specimens submitted to the USPTO do not show the use of the DEWBERRY Marks in connection with "Real estate development" services in Class 37. In particular, the specimens do not show use of the DEWBERRY Marks in connection with the purchasing of real property, the procurement of financing for development purposes, and the leasing of property to tenants.

14.

To the contrary, the specimens submitted to the USPTO show use of the DEWBERRY Marks only in connection with environmental services, *land* development services, and construction project management services in Class 37.

15.

On information and belief, Engineers is not currently using, and has never used, its DEWBERRY Marks in connection with "Real estate development" services in Class 37. For example, as can be seen on Engineers' website (dewberry.com/services), Engineers does not offer "Real estate development" services to others.

16.

Yet Engineers is presently in this litigation relying on the breadth of its DEWBERRY Registrations for "Real estate development" services in Class 37 to further its position that Dewberry Group has infringed the DEWBERRY Marks.

## COUNT I: REQUEST FOR ORDER OF CANCELLATION OF TRADEMARK REGISTRATIONS FOR FRAUDULENT PROCUREMENT AND MAINTENANCE (15 U.S.C. §§ 1119, 1064)

17.

Dewberry Group repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

18.

On information and belief, Engineers' representations to the USPTO concerning its alleged use of its DEWBERRY Marks in connection with real estate development services in Class 37 were false at the time they were submitted to the USPTO.

19.

On information and belief, Engineers and its representatives knew that their representations to the USPTO concerning Engineers' alleged use of its DEWBERRY Marks in connection with real estate development services in Class 37 were false at the time they were submitted to the USPTO.

20.

On information and belief, Engineers' representations to the USPTO concerning its alleged use of its DEWBERRY Marks in connection with real estate development services in Class 37 were made with the intent of deceiving the USPTO into believing that the DEWBERRY Marks were in use in connection with a much broader array of services than Engineers actually provides.

21.

On information and belief, Engineers' representations constitute material misrepresentations that caused the USPTO to issue and then renew the DEWBERRY Registrations in connection with real estate development services in Class 37. Specifically, but for the false representations, the USPTO would not have granted the DEWBERRY Registrations, nor would the USPTO have renewed the DEWBERRY Registrations.

22.

Dewberry Group has been damaged, and is being damaged, by the USPTO's reliance on Engineers' ongoing misrepresentations as evidenced by Engineers' claims against Dewberry Group, which are based on and rely upon the DEWBERRY Registrations.

23.

Therefore, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, Dewberry Group respectfully requests that the Court order the cancellation or partial cancellation (as to Class 37) of the DEWBERRY Registrations because they were procured, and are being maintained, fraudulently.

**COUNT II: REQUEST FOR ORDER OF PARTIAL
CANCELLATION OF TRADEMARK REGISTRATIONS FOR NON-USE OR
ABANDONMENT
(15 U.S.C. § 1119)**
*In the Alternative Only*

24.

Dewberry Group repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

25.

In the alternative, and as a basis for partial cancellation, because Engineers was not using its DEWBERRY Marks in connection with real estate development services as of August 6, 2003, the date Engineers filed its applications to register the DEWBERRY Marks based on actual use, the DEWBERRY Registrations should be modified to delete Class 37 in its entirety or to include only those specific services actually provided by Engineers while deleting, among other things, "real estate development" services.

26.

In the alternative, and as a further basis for partial cancellation, because Engineers was not using its DEWBERRY Marks in connection with real estate development services as of August 25, 2015, the date Engineers filed its applications to renew the DEWBERRY Registrations based on actual use, the DEWBERRY Registrations should be modified to delete Class 37 in its entirety

or to include only those specific services actually provided by Engineer while deleting, among other things, "real estate development" services.

27.

In the alternative, and as a further basis for partial cancellation, to the extent Engineers had ever in the distant past used its DEWBERRY Marks in connection with real estate development services, Engineers has, on information and belief, discontinued use of the DEWBERRY Marks in connection with real estate development services in Class 37 for a period exceeding three years.

28.

On further information and belief, Engineers intends not to resume use of the DEWBERRY Marks in connection with real estate development services in Class 37.

29.

Accordingly, on information and belief, Engineers has abandoned the DEWBERRY Marks in connection with real estate development services in Class 37, and the DEWBERRY Registrations are subject to partial cancellation on this basis as well.

30.

Dewberry Group has been damaged, and is being damaged, by the continued maintenance of the DEWBERRY Registrations in Class 37 in connection with real estate development services, as evidenced by Engineers' claims against Dewberry Group, which are based on and rely upon the DEWBERRY Registrations.

31.

Therefore, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, Dewberry Group respectfully requests that the Court order the DEWBERRY Registrations to be modified so as to

delete Class 37 in its entirety or to include only those specific services actually provided by Engineers.

## PRAYER FOR RELIEF

**WHEREFORE**, Dewberry Group respectfully requests that its Counterclaims be sustained and that the Court order Engineers' DEWBERRY Registrations to be cancelled either in whole for fraud or in part for non-use or abandonment. Dewberry Group also respectfully requests an award of its reasonable attorney's fees and costs incurred in prosecuting this action in an amount to be proven at trial and for such other and further relief as the Court considers just and appropriate under the circumstances.

Submitted this 25th day of June, 2020.

ARNALL GOLDEN GREGORY LLP

By: John P. Rowley III
Virginia Bar No. 19804
1775 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Telephone:    202.677.4948
Facsimile:    202.677.4949
john.rowley@agg.com

Stephen M. Dorvee
Georgia Bar No. 226989
*Admitted Pro Hac Vice*
Andrew C. Stevens
Georgia Bar No. 183366
*Admitted Pro Hac Vice*
171 17th Street NW
Suite 2100
Atlanta, GA  30363-1031
Telephone:  404.873.8500
Facsimile:  404.873.8501

Attorneys for Defendant
*Dewberry Group, Inc. f/k/a Dewberry
Capital Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

DEWBERRY ENGINEERS, INC.,          )
                                   )
      Plaintiff,                   )
                                   )
v.                                 )
                                   )          Civil Action No. 1:20-cv-610
DEWBERRY GROUP, INC. F/K/A         )
DEWBERRY CAPITAL CORPORATION.      )
                                   )
      Defendant.                   )
                                   )
                                   )

---

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEWBERRY GROUP, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** with the Clerk of Court
using the using the CM/ECF system, which will send notification of such filing to the following:

Alan B. Croft (VSB #9209)
Ralph M. Tener (VSB #25430)
Mark Emilio S. Abrajano (VSB #91682)
McCandlish Lillard, P.C.
11350 Random Hills Road, Suite 500
Fairfax, Virginia 22030
Telephone: 703.273.2288
Fax: 703.273.4592
acroft@mccandlaw.com
rtener@mccandlaw.com
mabrajano@mccandlaw.com
Counsel for the Plaintiff

Dated: June 25, 2020                    By: _____
                                            John P. Rowley III
                                            Virginia Bar No. 19804