IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| DEWBERRY ENGINEERS, INC., </br></br> *Plaintiff*, </br></br> v. </br></br> DEWBERRY GROUP, INC., </br></br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:20-cv-00610 </br> Hon. Liam O'Grady |

## ORDER

Before the Court is Defendant Dewberry Group's Motion to Seal excerpts of the Court's post-trial order on damages. Dkt. 259. Plaintiff Dewberry Engineers has opposed the Motion, Dkt. 262, and Defendant has replied in support, Dkt. 264.

Defendant argues that portions of the Court's order should remain under seal as they contain confidential information regarding Defendant's profits, losses, and revenue generating capabilities, and because they are protected under the Stipulated Protective Order from November 13, 2020. Dkt. 259-2 at 1-2.

In opposition, Plaintiff argues that Defendant cannot rely on mere conclusory citations to the Stipulated Protective Order and on boilerplate confidentiality assertions. Plaintiff further notes that the details and information that Defendant seeks to redact here have largely already been made public through trial transcripts, trial exhibits, and publicly filed post-trial briefing. Dkt. 262 at 2. While the damages award itself is not yet public, Plaintiff argues that it should not be shielded from the public under governing common law and First Amendment standards. *Id.* Moreover, Plaintiff argues that it should not be put to the unnecessary burden of having to move

to file the Court's ruling under seal every time it seeks to enforce the Court's award in other jurisdictions where Defendant may have assets. *Id.* at 17.

The Court agrees. Here, the portions of the Order that Defendant seeks to redact contain the Court's reasoning in reaching its damages calculation and important financial information that is directly relevant to the damages award. Defendant has not provided specific information as to why this financial information ought to remain private; indeed, its references to the Stipulated Protective Order are general. Therefore, the Court finds that the public interest in understanding this trial and the Court's reasoning in reaching its damages award outweighs Defendant's generalized concerns of confidentiality. *See e.g., Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 6001818 at *5 (M.D.N.C. Dec. 4 2017) (weighing the private interest of the parties' business information against the public interest in open courts).

Therefore, Defendant's Motion to Seal, Dkt. 259, is **DENIED**.

It is **SO ORDERED.**

April \_\_1\_\_, 2022  
Alexandria, Virginia

Liam O'Grady  
United States District Judge