## SUGGESTION FOR SUMMONS IN GARNISHMENT

Return date and time: **November 4, 2022** at 10:00 A.M.

(Va. Code § 8.01-511)

CASE NO. 1:20-cv-00610 (LO/IDD)

U.S. DISTRICT COURT, Eastern DISTRICT OF Virginia, Alexandria DIVISION

**JUDGMENT CREDITOR:** name, address
Dewberry Engineers Inc.
8401 Arlington Blvd., Fairfax, VA 22031

v.

**JUDGMENT DEBTOR:** name, address
Dewberry Group, Inc.*
1545 Peachtree St. Ste 250, Atlanta, GA 30309

**JUDGMENT CREDITOR'S ATTORNEY:** name, address
Alan B. Croft, McCandlish Lillard
201 Loudoun Street, S.E., Leesburg, VA 20175

Telephone No. (703) 934-1105

Employer ID No.: XX-XXX7082
If garnishee is defendant's employer, please furnish employer's name, and state whether it is a corporation, or one or more persons trading under a fictitious or trade names.

Suggested Garnishee: name, address
Truist Bank
c/o Kaled Khazali, Market Leader
4117 Chain Bridge Road, Fairfax, VA 22030

### STATEMENT

| | |
|---|---|
| $ 42,975,725.60 | Judgment Principal |
| | Credits |
| 474,643.80 | Interest** |
| 153,592.09 | Judgment Costs |
| 3,762,088.25 | Attorney's Fees |
| 270.00 | Garnishment Costs |

$ 47,366,319.74 Total Balance Due
The garnishee shall rely on this amount.

**ORIGINAL JUDGMENT**
DATE OF JUDGMENT
May 6, 2022

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT
☐ Support (if not specified, then 50%)
☐ 50%  ☐ 55%  ☐ 60%  ☐ 65%
☐ state taxes, 100%

If none of the above are checked, then §34-29(a) applies.

I request the Clerk to summon the Suggested Garnishee to answer this suggestion. I have reason to believe that there is a liability on the suggested because of the execution of the "ORIGINAL JUDGMENT" described above, which:
☒ involves a business, trade or professional credit transaction entered into on or after *January 1, 1984,*
☐ does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, *and* the undersigned represents that he has made a diligent good faith effort to secure the social security number of the judgment debtor
  ☐ and had been unable to do so.

I further certify that:
☐ (1) The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or
☒ (2) No summons has been issued upon this judgment creditor's suggestion against the same judgment debtor within a period of eighteen months, other than a summons which was based upon a judgment upon which a prior summons has been issued but not fully satisfied; or
☐ (3) The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent, or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or
☐ (4) The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or
☐ (5) The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or
☐ (6) The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.
I hereby certify that the last known address of the defendant is as shown above.

**WARNING:** Any judgment creditor who knowingly gives false information in a suggestion for Summons in Garnishment shall be guilty of a Class 1 misdemeanor.

August 26, 2022
DATE SUBMITTED

☐ JUDGMENT CREDITOR  ☐ AGENT  ☒ ATTORNEY

FORM NO. CC-1485 7/94 PC (I 14:3-021 5/94) Rev 1/02 EDVA-N

\* Purports to have recently changed its name to Dewberry Capital Corporation.

\*\* Post-judgment interest accrues at a rate of $2,607.93 per day.


FILED AUG 29 2022 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA